UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENTRELL WELCH,<br><br>                Plaintiff,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>                Defendants. | Case No. 3:20-CV-0079-MMD-CLB<br><br>**ORDER DENYING MOTION FOR LEAVE OF COURT TO CONDUCT WRITTEN DEPOSITIONS**<br><br>[ECF No. 152] |

Before the Court is Plaintiff Kentrell Welch's ("Welch") motion for leave of Court to conduct written depositions. (ECF No. 152.) (*Id.*) Defendants opposed the motion, (ECF No. 159), and Welch replied. (ECF No. 160.)

Welch is proceeding in this case on two claims: (1) the portion of claim 1, alleging First Amendment retaliation, again Defendant Irvin; and (2) the portion of claim 2, alleging Fourteenth Amendment denial of access to the grievance procedure, against Defendants Hannah, Hughes, and Gerbaldi. (ECF Nos. 33, 106.) A scheduling order has been issued in this case with a discovery deadline of April 4, 2022. (ECF No. 145.)

By this motion, Welch is seeking to conduct written depositions on 45 individuals including Defendants, inmates, former prison doctors, and others. (ECF No. 152). Welch further asks this Court, "adjudicate officer, or authorized [second] person" to conduct such depositions pursuant to Fed. R. Civ. P. 28. (*Id.*) Defendants argue this is not proportional to the needs of this case, and that Welch alludes that either the Court or the State should bear the expense of such depositions. (ECF No. 159.) Welch replied that the Court should provide him with a Court Reporter pursuant to 28 U.S.C. 753(f). (ECF No. 160.)

Fed. R. Civ. P. 31 provides for depositions by written questions. Leave of Court is required if the parties have not stipulated to such a deposition, or if more than 10 depositions would be taken under this rule, or the deponent is in prison. Fed. R. Civ. P. 31(a)(2)(A)(i), (ii), and (B). The deponent's attendance may be compelled by a subpoena

under Rule 45. *Id.* at (a)(1). Fed. R. Civ. P 45(b)(1) requires the tender of a witness fee.

Fed R. Civ. P. 31(b) requires the party noticing a deposition by written questions to deliver to the Officer a copy of the all the questions served and the Officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to take the deponent's testimony, prepare and certify the deposition, and send it to the party. Welch infers that the Court should authorize or appoint one its Court Reporters to complete this process, at no cost to Welch, in accordance with 28 U.S.C. § 753(f). Section 753(f) allows a Court Reporter to "charge and collect fees for transcripts requested by parties. . . ."

Defendants are correct that there would be immense cost to depose 45 people via written questions. Welch was notified that the order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense. (ECF No. 47.) Moreover, Welch has the burden of demonstrating relevance. *See* Fed. R. Civ. P. 26(b)(1). Although the standard for relevance is not very demanding, relevancy does require that "[t]he evidence ... logically advance a material aspect of the party's case." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (*citing* Cooper v. Brown, 510 F.3d 870, 942 (9th Cir.2007); *see also* Fed. R. Evid. 401 (evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action).

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any

matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

      Welch has neither shown relevance nor proportionality in his request to depose 45 individuals in this case; therefore, Welch's motion to conduct written depositions is **DENIED**. (ECF No. 152.)

DATED: November 24, 2021   .

_____
**UNITED STATES MAGISTRATE JUDGE**