**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>Plaintiff,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Defendants. | Case No. 3:20-CV-0079-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 147] |

Before the Court is Plaintiff Kentrell Welch's ("Welch") motion for leave to file a first amended complaint, (ECF No. 147). Defendants Peter Garibaldi ("Garibaldi"), Ron Hannah ("Hannah"), Silvia Irvin ("Irvin"), and Nathan Hughes ("Hughes") (collectively referred to as "Defendants") responded, (ECF No. 154), and Welch replied, (ECF No. 158). For the reasons discussed below, the Court recommends that Welch's motion be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Welch is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On February 5, 2020, Welch filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Welch was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1.) On June 15, 2020, the District Court entered a screening order on Welch's complaint, allowing Welch to proceed on a First Amendment retaliation claim (claim 1) against Irvin and a Fourteenth Amendment denial of access to grievance claim (claim 2) against Hannah, Hughes, and Garibaldi. (ECF No. 33.) The allegations of the retaliation claim are as follows: Welch filed a grievance against Irvin, and, in response, Irvin transferred Welch to a segregation unit and submitted

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

paperwork to transfer Welch to the maximum-security prison. (*Id.* at 6.) The allegations of the denial of access to grievance procedure claim are as follows: Hannah refused to pick up Welch's grievances; Hughes and Garibaldi refused to remedy the situation when Welch complained. (*Id.* at 8.)

The District Court also dismissed, without prejudice, (1) a First Amendment free press claim (claim 1); (2) Eighth Amendment violations (claim 2); (3) a First Amendment retaliation claim (claim 3); and (4) an Eighth Amendment failure to protect claim (claim 3). (*Id.*) The District Court dismissed, with prejudice, a Fourteenth Amendment due process claim (claim 2), and a verbal harassment claim (claim 3), as amendment would be futile. (*Id.*) The District Court further instructed Welch to file a first amendment complaint curing the deficiencies of his original complaint, within 30 days of entry of the screening order. (*Id.* at 13.) Finally, the District Court instructed that if Welch did not file an amended complaint within 30 days (i.e., by July 15, 2020), the action would proceed immediately on the claims for First Amendment retaliation against Irvin (claim 1) and the Fourteenth Amendment denial of access to the grievance procedure against Hannah, Hughes, and Garibaldi (claim 2). (*Id.*)

On July 15, 2020, Welch filed a motion to extend time to file an amended complaint, which the Court granted. (ECF Nos. 42, 43.) On August 17, 2020, Welch submitted a first amended complaint ("FAC") (ECF No. 47). Welch submitted a 202-page FAC. (ECF Nos. 47, 47-1.) On February 9, 2021, the District Court screened the FAC, and dismissed the FAC, in its entirety, without prejudice with leave to amend because Welch's 202-page FAC did not comply with the Federal Rules of Civil Procedure. (ECF No. 97 at 3-4.) The District Court advised Welch of the certain requirements under the Federal Rules of Civil Procedure in order to facilitate the filing of a properly formatted second amended complaint. (*Id.* at 4-5.) Welch was advised that the failure to comply with these rules when drafting and filing his second amended complaint may result in this action being dismissed. (*Id.* at 4.) Finally, the District Court stated that alternatively, Welch may elect not to amend his FAC and instead file a notice indicating that he would prefer to proceed

on his original complaint (ECF No. 34) and proceed immediately on the claims for First Amendment retaliation against Irvin (claim 1) and Fourteenth Amendment denial of access to the grievance procedure against Hannah, Hughes, and Garibaldi (Claim 2). (*Id.*, *see also,* ECF No. 33 at 13.)

On February 18, 2021, Welch filed a motion to reinstate his original complaint, (ECF No. 103), which the District Court granted. (ECF No. 106.) Thus, Welch's original complaint (ECF No. 34) and the original screening order (ECF No. 33) were reinstated as the operative complaint and screening order in this case. (ECF No. 106.)

Defendants Garibaldi, Hannah, and Hughes filed their answer on September 7, 2021, and Irvin filed her joinder to the answer on September 28, 2021. (ECF Nos. 133, 141.) On September 14, 2021, Welch filed a motion for leave to file an amended complaint. (ECF No. 135.) After the motion for leave to file an amended complaint was fully briefed, Welch filed a second motion for leave to file a first amended complaint on October 7, 2021. (ECF No. 147.) The Court denied as moot Welch's first filed motion, ECF No. 135, and found the operative motion to be ECF No. 147. (*See* ECF No. 150.) The Court additionally ordered Defendants to file an opposition or response to the operative motion. (*Id.*) Defendants filed an opposition to the motion, (ECF No. 154), and Welch replied, (ECF No. 158).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence*

*Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III.   DISCUSSION AND ANALYSIS

Welch's proposed amended complaint is 90-pages in length and seeks to add 19-new defendants and seven claims to this action. (*See* ECF Nos. 147, 147-1.) Defendants oppose the motion, stating the amendment is prejudicial, causes undue delay, is brought in bad faith, and Welch has previously amended his Complaint multiple times. (ECF No. 154.) Further, Defendants request that if the Court is inclined to grant the motion, that the amended complaint be screened. (*Id.* at 4-5.)

Having reviewed Welch's proposed amended pleading, the Court finds that the motion for leave to file a first amended complaint should be denied. The proposed complaint would cause undue delay to the litigation, is prejudicial to defendants, and many of his additional claims are futile.

First, an amended complaint must contain "a short and plain statement of the claim

showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

A plaintiff may bring claims against multiple defendants in a single complaint or amended complaint, but to do so the plaintiff must meet the requirements in Federal Rule of Civil Procedure 20(a)(2). This means that at least one claim against all defendants must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Claims that do not meet these standards must be filed in separate lawsuits.

Here, Welch's 90-page complaint violates these rules. First, the proposed amendment is not set forth in a simple, concise, and direct manner, such that it meets the requirements of the Federal Rules of Civil Procedure, and therefore fails to state a claim upon which relief may be granted.

Second, the proposed amended pleading contains multiple, factual scenarios against 19-new defendants for claims that do not arise from the same transaction, occurrence, or series of transactions as Welch's original claims in violation of Rule 20. *See* Fed. R. Civ. P. 20(a)(2). Welch's original complaint related to one claim of retaliation and one claim of denial of access to the grievance procedure. (*See* ECF No. 34.) However, Welch's proposed amended complaint asserts new claims including, but not limited to religious rights, medical care, Americans with Disabilities Act violations, racial discrimination, illegal mail fraud and tampering, supervisory liability, conspiracy, unconstitutional grievance procedure, and other instances of retaliation. (ECF No. 147-1.) To the extent Welch would like to raise these new claims against these additional defendants, he must do so in separate lawsuits related to the specific fact scenarios at issue. *See* Fed. R. Civ. P. 20(a)(2).

Finally, the Court finds that adding an additional 19-defendants and seven counts, would greatly alter the litigation's nature and require an entirely new course of defense, causing undue delay and prejudice to Defendants. *Morongo Band of Mission Indians,* 893 F.2d at 1079.

Further, Welch seeks to sue multiple defendants in their official capacity, but such claims would be subject to dismissal, with prejudice, as amendment is futile. (ECF No. 147-1 at 2-9.) State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Lawsuits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, Welch's attempt to sue defendants in their official capacity is akin to suit against the NDOC, an entity of the State of Nevada. Nevada has not waived its sovereign immunity under the Eleventh Amendment, and thus such claims are barred. *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); Nev. Rev. Stat. § 41.031(3).

For all of these reasons, the Court recommends that Welch's motion for leave to file a first amended complaint be denied. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (a motion for leave to amend a complaint may be denied if the proposed amendment is futile or would be subject to dismissal).

**IV.  CONCLUSION**

For good cause appearing, and for the reasons stated above, the Court recommends that Welch's motion for leave to file a first amended complaint, (ECF No. 147), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Welch's motion for leave to file a first amended complaint, (ECF No. 147), be denied.

**DATED**: January 6, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**