# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENTRELL WELCH,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:20-CV-0079-MMD-CLB<br><br>**ORDER DENYING MOTIONS TO COMPEL**<br><br>[ECF Nos. 155/156, 174] |

Before the Court is Plaintiff Kentrell Welch's ("Welch") motion to compel. (ECF Nos. 155, 156.)[1] Welch is seeking an order requiring Defendants to answer his requests for admission. Defendants opposed the motion, (ECF No. 164), and Welch replied. (ECF No. 171.) Also before this Court is Welch's motion to compel. (ECF No. 174.)

Prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. A discovery motion will not be considered unless the movant has made a good-faith effort to meet and confer with the opposing party before filing the motion. LR 26-6(c). To comply with the meet and confer requirement, an incarcerated party is required to send a written communication to opposing counsel or party explaining, with specificity, the discovery dispute and a request to hold a telephonic meet and confer session. *See* LR IA 1-3(f)(1).

If the meet and confer efforts are unsuccessful, the party seeking to compel discovery, or a protective order, may file a discovery motion. All motions to compel discovery, or for a protective order, must set forth in full the text of the discovery originally sought and any response to it. Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results

---

[1] The Court construes Welch's supporting motion to compel, (ECF No. 156), as points and authorities in support of his motion to compel. (ECF No. 155.)

of the meet-and confer conference about each disputed discovery request. LR 26-6(b) & (c).

Welch's motions to compel are difficult to follow. However, it appears that Welch asserts Defendants have not properly responded to requests for admissions and/or requests for documents. While it appears Welch may have sent a letter requesting a meet and confer, there is no declaration attached outlining the results of the meet and confer or even if such a conference took place. Therefore, it appears Welch failed to comply with Local Rules IA 1-3(f)(1) and 26(b) and (c) prior to filing the instant motions.

In addition, Welch does not set forth or state the responses to the requests for admission or documents which he seeks the Court to compel in either of his motions. (ECF Nos. 155, 156, 174.) Defendants state in their opposition, (ECF No. 164), that Welch served several sets of requests for admissions on different Defendants in October 2021 and all of those were responded to in November 2021.

The Court appreciates the difficulties that pro se litigants face representing themselves. However, pro se litigants, like all other litigants, are required to follow the Federal Rules of Civil Procedure and the Local Rules for the District of Nevada when litigating their case in this district. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (citation omitted), *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court reminds Welch of these obligations and encourages him to review the Federal Rules of Civil Procedure and Local Rules for the District of Nevada pertaining to discovery prior to filing additional discovery motions as he is required to comply with these rules while litigating his case.

Therefore, for the reasons stated above, Welch's motions to compel are **DENIED**. (ECF Nos. 155/156, 174.) To the extent the motions request sanctions, the requests are also **DENIED.**

DATED: January 6, 2022.

**UNITED STATES MAGISTRATE JUDGE**

2