**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KENTRELL WELCH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:20-CV-0079-MMD-CLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR PRE-TRIAL INTERLOCUTORY DOCUMENTS**<br><br>[ECF Nos. 166, 177] |

Before the Court is Plaintiff Kentrell Welch's ("Welch") motion for reconsideration, (ECF No. 166), of the Court's order ECF No. 161 which denied his "motion of interlocutory request" in which he requested copies of hundreds of pages of documents at no charge. Welch is requesting that the Court reconsider its order denying interlocutory request. (ECF No. 161.) Welch has also filed another motion for pre-trial interlocutory documents. (ECF No. 177.)

A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *ESCO Corp. v. Cashman Equip. Co.*, 158 F.Supp.3d 1051, 1076 (D. Nev. 2016) (internal quotation omitted). "A district court generally should not grant a [motion for reconsideration] in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank, N.A. v. Mahogany Meadows Avenue Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotations omitted); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). A motion for reconsideration is properly denied where it presents no new arguments or evidence. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). However, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Wells Fargo Bank, N.A.*, 979 F.3d at 1218 (citing *Kona Enters., Inc. v. Estate of Bishop*, 229

F.3d 877, 890 (9th Cir. 2000)). Motions to reconsider are granted rarely. *See, e.g., School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Welch's present motion requests the Court reconsider its order, ECF No. 161, which denied Welch's request for copies of hundreds of pages of documents filed in this case for the express purpose that the copies be used in another case Welch filed that has not yet been screened by the Court. In his motion for reconsideration, Welch states, among other things, that he believes the undersigned is "pre-dispositioned against pro se litigants" and Northern Nevada and its courts have "inherent, open racial biases. . . ." (*Id.*) None of these unfounded statements form a basis for reconsideration. Moreover, Welch filed an objection to the District Court on the same order and the objection was overruled. (ECF No. 172.)

Welch's newest motion for pre-trial interlocutory documents requests copies of many of the same documents, at no charge, that he requested in his previous motion. (ECF No. 177.) This time, Welch claims he needs these documents for this case and will suffer prejudice if he does not have them. However, Welch fails to identify why he needs copies of these documents at this time for this case, why he doesn't possess copies of the original documents *he* submitted for e-filing, or why he would suffer substantial prejudice in this case without said copies. To be clear, Welch may order copies of the documents he seeks from the Clerk at his own expense. Welch can retain a copy of papers he files, and Welch is also given a copy of motions and papers that Defendants file. It is not the court's obligation to provide additional copies to a litigant who misplaces documents, even when the litigant is indigent. Therefore, the Court will not order the Clerk to provide Welch copies of his filings. If Welch desires copies of any papers, he may submit a copy request form to the Clerk stating the specific documents he would like copied along with the appropriate fee or request the same from ESP officials as permitted by applicable prison policies.

The Court notes that Welch is a frequent litigator filing over ten separate lawsuits. In this case alone, Welch has filed over a hundred documents, many of which are either

redundant or improper. Welch is advised that his habit of filing new motions that are, in substance, identical to motions he has already filed, and/or filing motions seeking reconsideration, updates, clarification or immediate action on pending motions will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Welch's case is just one of hundreds before the Court. Thus, Welch's repetitive (and borderline frivolous) filings only *slow* the pace of this litigation by requiring the Court's attention and consideration of small and secondary matters instead of the central issues in this case.

The court has been lenient because plaintiff is a *pro se* party. However, this does not give Welch a blank check to clutter the docket. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013). Welch is warned that his status as an indigent litigant will not dissuade the court from considering sanctions against him for filing groundless and duplicative motions.

Therefore, Welch's motion for reconsideration is **DENIED**. (ECF No. 166.) Welch's motion for pre-trial interlocutory documents is also **DENIED**. (ECF No. 177.)

DATED:  January 6, 2022  .

_____
**UNITED STATES MAGISTRATE JUDGE**