1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

\* \* \*

4

KENTRELL WELCH,

Case No. 3:20-CV-0079-MMD-CLB

5

Plaintiff,

**ORDER DENYING MOTIONS TO COMPEL**

6

v.

[ECF Nos. 167, 168]

7

ISIDRO BACA, *et al.*,

8

Defendants.

9

10          Before the Court is Plaintiff Kentrell Welch's ("Welch") motion to compel discovery

11    and for sanctions. (ECF Nos. 167, 168.)[1] Defendants Peter Garibaldi ("Garibaldi"), Ron

12    Hannah ("Hannah"), Sylvia Irvin ("Irvin"), and Nathan Hughes ("Hughes") (collectively

13    referred to as "Defendants") opposed the motion, (ECF No. 186), and no reply was filed.

14    Having considered all the above, the motions are denied as stated below.

15    **I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

16          Welch is an inmate in the custody of the Nevada Department of Corrections

17    ("NDOC") and is currently housed at the Ely State Prison ("ESP"). (*See* ECF No. 106.)

18    Welch moved to amend his complaint, and a report and recommendation has been issued

19    denying the motion. (ECF No. 180.) Welch has objected to the report and

20    recommendation and the District Court has yet to enter a ruling on the objection. (ECF

21    No. 183.) Therefore, the operative complaint is the original complaint, which is docketed

22    at ECF No. 34. (ECF No. 106.) Welch is proceeding in this case on claims for First

23    Amendment retaliation against Defendant Irvin (Claim 1) and Fourteenth Amendment

24    denial of access to the grievance procedure against Defendants Hannah, Hughes, and

25    Garibaldi (Claim 2). (*Id.*)

26

27    [1]       The Court construes Welch's supporting motion to compel, (ECF No. 168), as
      points and authorities in support of his motion to compel, (ECF No. 167), and will address
28    the motions concurrently.

1   Welch has now filed a motion to compel, on a form the Court doesn't recognize,

2   which in essence states that all NDOC parties are in contempt. (*See* ECF No. 167.) While

3   unclear, it appears that Welch's motion is referring to requests for production numbers 1-

4   6. (*Id.*; *see also* ECF No. 168.*)* Defendants opposed Welch's motion in substance, but

5   also stated Welch refused the phone call that defense counsel arranged for a meet and

6   confer on November 29, 2021. (ECF No. 186.) Welch did not file a reply.

7   **II.      LEGAL STANDARD**

8   "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett*

9   *v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses

10  "any nonprivileged matter that is relevant to any party's claim or defense and proportional

11  to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court

12  must consider the need for the information sought based upon "the importance of the

13  issues at stake in the action, the amount in controversy, the parties' relative access to

14  relevant information, the parties' resources, the importance of discovery in resolving the

15  issues, and whether the burden or expense of the proposed discovery outweighs its likely

16  benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any

17  matter that bears on, or that reasonably could lead to other matter that could bear on" any

18  party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)

19  (citation omitted).

20  When a party fails to provide discovery and the parties' attempts to resolve the

21  dispute without Court intervention are unsuccessful, the opposing party may seek an

22  order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an

23  order to compel discovery bears the initial burden of informing the court: (1) which

24  discovery requests are the subject of the motion to compel; (2) which of the responses

25  are disputed; (3) why he believes the response is deficient; (4) why defendants' objections

26  are not justified; and (5) why the information he seeks through discovery is relevant to the

27  prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL

28  4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-

1    AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court

2    which discovery requests are the subject of his motion to compel, and, for each disputed

3    response, inform the court why the information sought is relevant and why defendant's

4    objections are not justified.").

5         Thereafter, the party seeking to avoid discovery bears the burden of showing why

6    that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

7    (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why

8    each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate,

9    generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291

10   F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust

11   Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev.

12   2011). Arguments against discovery must be supported by specific examples and

13   articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev.

14   2006).

15   **III.   DISCUSSION**

16        **A.    Failure to Meet and Confer and to Follow LR 26-6(b)**

17        Pursuant to this Court's scheduling order, prior to filing a discovery motion, the

18   parties must first undertake a good faith effort to resolve any dispute among the parties.

19   A discovery motion will not be considered unless the movant has made a good-faith effort

20   to meet and confer with the opposing party before filing the motion. To comply with the

21   meet and confer requirement, an incarcerated party is required to send a written

22   communication to the opposing counsel or party explaining, with specificity, the discovery

23   dispute and a request to hold a telephonic meet and confer session. (ECF No. 145 at 3.)

24        If the meet and confer efforts are unsuccessful, the party seeking to compel

25   discovery, or a protective order, may file a discovery motion. The motion must include the

26   following: (1) a declaration providing the details and results of the meet-and-confer

27   conference about each disputed discovery request; and (2) the full text of each discovery

28   request and disputed response at issue. (*Id.*)

1    All motions to compel discovery, or for a protective order, must set forth, in full, the

2    text of the discovery originally sought and any response to it. Discovery motions will not

3    be considered unless the movant: (1) has made a good-faith effort to meet and confer as

4    defined in LR IA 1-3(f) before filing the motion; and (2) includes a declaration setting forth

5    the details and results of the meet-and confer conference about each disputed discovery

6    request. LR 26-6(b), (c).

7    Welch wrote a letter to defense counsel requesting a telephone conference to meet

8    and confer. (ECF No. 167 at 6-8.) A telephonic meet and confer was arranged by defense

9    counsel for November 29, 2021, at 10:00 a.m. (ECF No. 186-1.) Welch refused the

10   telephone call. (*Id.*) As previously stated, the parties are *required* to meet and confer

11   before filing a motion to compel. Welch's refusal to meet and confer, in and of itself, is a

12   basis to deny his motion, in its entirety, without further consideration.

13   However, upon receipt of this motion, the Court directed Defendants to respond to

14   the substance of this motion. Therefore, in the interest of judicial economy and to avoid

15   having this motion simply refiled, the Court will exercise its discretion and reach the merits

16   of the motion.[2]

17   **B.    Substantive Issues – Requests for Production of Documents**

18   Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other

19   party a request within the scope of Rule 26(b)" for production of documents "in the

20   responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The requesting

21   party "is entitled to individualized, complete responses to each of the [Requests for

22   Production], . . . accompanied by production of each of the documents responsive to the

23   request, regardless of whether the documents have already been produced." *Womack v.*

24

---

25   [2]    It should be noted that Welch's motion also does not comply with Local Rule 26-6(b). This rule states that all motions to compel must set forth, in full, the text of the

26   discovery originally sought and any response to it. LR 26-6(b). However, Welch did not attach the responses to the requests for production to his motion. (ECF No. 168 at 15-

27   23.) Based on these failures, it is extremely difficult for the Court to discern which discovery requests are at issue. Welch is advised that he, like all litigants, is required to

28   follow the procedural rules and his failure to follow those rules may result in the summary denial of discovery motions in the future.

1    *Gibbons*, No. 1:19-cv-00615-AWI-SAB-PC, 2021 WL 1734809, at *2 (E.D. Cal. May 3,

2    2021) (citing *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Failure to object to

3    requests for production of documents within the time required constitutes a waiver of any

4    objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

5    Cir. 1992).

6        Welch requests an order compelling Defendants to supplement responses to

7    Requests for Production of Documents 1-6, which requested the following:

8

| Request for Discovery No. | Request for Production |
|---|---|
| 1 | 2-12-2020 Unit 7-B 1 pm - 5 pm cell(s) 16-13 sec<br>2-5-2020 Unit 7-B   3 pm – 7 pm cell(s) 1-20 sec.<br>2-6-2020 Unit 7-B   7 am – 6 pm cell(s) 1-20 sec.<br>2-7-2020 Unit 7-B   6 am – 8 am cells(s) 17-13 sec.<br>3-10-2020 Unit 7B  1 pm – 8 pm cell(s) 15-12 sec.<br>2-12-2020 Unit 7B  7 pm – 9 pm cell(s) 15-13 sec.<br>2-13-2020 Unit 7B  5 pm – 9 pm Unit ofc.<br>2-14-2020 Unit 7B  1 pm – 5 pm Sec 1-2 dual incidents<br>                        8 pm – 9 pm sec. 1-20 dual incidents<br>2-15-2020 Unit 7B  6 am – 4 pm sec 1-20 tier |
| 2 | All Ndoc [sic] dept, inra [sic] dept background checks, disc-writs [sic], AR 740, 1983 complaints filed, against deFt(s) [sic] Silvia Irvin,Ron Hannah, peter gerabaldi [sic], CCS III Hughes, Nathan. |
| 3 | Ndoc [sic] dieticien [sic] Menu, serving dates, full menu's, food for serving daily, weekly, monthly plans. |
| 4 | All medical, dental record(s) between Sept 5th 2019, May 19th 2020, filed at NNCC only. |
| 5 | All AR 740 Grievance(s) filed explicitly while, housed at NNCC Sept 5th-2019 – May 19th 2020 'only' all full copies, duplicate(s). |
| 6 | All intra-dept e-mail, messages, notes, reports, video, electronic data, by CCS staff of NNCC, officials etc [sic], concerning plaintiff by mention, written or oral discussion about, or concerning, involving him et. al. |

26   (ECF No. 168 at 16-23.)

27       Defendants objected to each of these requests as a violation of Fed. R. Civ. P.

28   34(a), as the requests were served generally on "Defendants" and not on any specific

1    Defendant, which is improper. Other specific objections will be addressed below.

2                    **1.      Request No. 1**

3            Defendants objected to this request as vague and confusing and because it has

4    nine subparts. (ECF No. 168 at 17.) Defendants assumed Welch may be requesting

5    surveillance video and answered that video is only preserved if there is an incident that

6    warrants preservation. (*Id.*) Defendants note in their opposition that they do not know

7    what exactly Welch is requesting, and Welch does not indicate how this information is

8    relevant, if he is, in fact, requesting video surveillance. (ECF No. 186 at 4.) The Court

9    agrees this request is vague, confusing, and likely irrelevant to the facts of this case.

10   Therefore, the Court denies Welch's motion to compel a supplemental answer to this

11   request.

12                   **2.      Request No. 2**

13           Defendants objected to this request as it calls for information in the employment

14   files of Defendants, which is confidential and privileged information pursuant to NDOC

15   AR 308, NRS § 284, and NAC § 284, preventing disclosure of this information. (*Id.* at 5.)

16   Welch also does not state how this information would be relevant to his claims. Therefore,

17   the Court denies Welch's motion to compel a supplemental answer to this request.

18                   **3.      Request No. 3**

19           Defendants objected to this request as vague and not defined to a timeframe. (*Id.*)

20   However, Defendants responded to this request by producing a 4-week NNCC menu

21   which is repeated each month. (*Id.*) In his motion, Welch changed his request to a "menu

22   based off the U.S. Army dietary procedures." (ECF No. 168 at 3.) First and foremost, a

23   discovery request cannot be modified by a motion to compel. Second, the U.S. Army

24   menu, or the production of any menus, are not relevant to the instant case. This case is

25   proceeding as to a claim of denial of access to the grievance procedure and retaliation.

26   Therefore, the Court denies Welch's motion to compel a supplemental answer to this

27   request.

28

### 4.  Request No. 4

In this request, it appears Welch is requesting medical and dental records for *any* prisoner at NNCC between September 2019 and May 2020. (ECF No. 168 at 19.) Defendants objected that this request is vague, overbroad, unduly burdensome, and confidential pursuant to AR 568 and 569 as it relates to other inmates. (ECF No. 186 at 6.) However, Defendants did produce Welch's medical and dental records for that timeframe. (*Id.*) The Court agrees with Defendants that Welch's request is overbroad and improper. Moreover, the Court determines Defendants have produced Welch's medical records for the timeframe requested. Therefore, the Court denies Welch's motion to compel a supplemental answer to this request.

### 5.  Request No. 5

Welch requests all grievances at NNCC from September 2019 to May 2020. (ECF No. 168 at 20.) Defendants responded that this request is vague, overbroad, unduly burdensome, disproportional to the needs of the case, and confidential pursuant to AR 568 and 569 to the extent he is asking for grievances related to other inmates. (ECF No. 186 at 6.) In response, Defendants did produce 259 total pages of Welch's grievances but were unable to produce four grievances they were unable to locate. (*Id.*) Welch admits he received the grievances, but they are unusable to him as they were double-sided copies, and he wants one-sided copies. (ECF No. 168 at 7.) Once again, the Court agrees that Welch's request is vague, overbroad, and disproportional to the needs to the case. In addition, Defendants have provided Welch with his own grievances, which Welch confirms. This is more than adequate to comply with Defendants' discovery obligations with respect to this request. Welch's argument that Defendants should be required to re-disclose these records as "one-sided copies" is not a proper basis for a request for a motion to compel. Therefore, the Court denies Welch's motion to compel a supplemental answer to this request.

### 6.  Request No. 6

As to this request, Welch is generally requesting all documents in which NNCC

staff mention him or all documents that may in any way involve him. (ECF No. 168 at 21.) Defendants again responded that this request is overbroad, vague, and unduly burdensome. (ECF No. 186 at 7.) In his motion, Welch contends that he only wants all documents generated during his stay at NNCC from September 2019 to May 2020. (ECF No. 168 at 9.) Defendants previously produced to Welch his NOTIS Offender Information Summary Report, Disciplinary History Report, Historical Bed Assignments Report, Inmate Grievance History Report from 2019 to present and notified Welch he can review his I-File pursuant to AR 568. (ECF No. 186 at 8.) In his motion, Welch also requests transport documents, although he did not specifically request those documents. (ECF No. 168 at 8.) Here again, Welch cannot modify his discovery requests in a motion to compel. Moreover, his request is overbroad, vague, and unduly burdensome. Therefore, the Court denies Welch's motion to compel a supplemental answer to this request.

### C. Sanctions

To the extent the form motion requests sanctions or a contempt finding, Welch has not made a showing that either are warranted. Therefore, that request is denied.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Welch's motions to compel (ECF Nos. 167, 168) are **DENIED**.

**DATED**: __February 14, 2022__.

_____
**UNITED STATES MAGISTRATE JUDGE**