UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>       Plaintiff,<br> v.<br>ISIRIDO BACA, *et al.*,<br><br>       Defendants. | Case No. 3:20-cv-00079-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Kentrell Welch, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed a civil rights complaint under 42. U.S.C. § 1983. (ECF No. 34 ("Complaint").) On November 7, 2021, Welch filed a motion for leave to file a first amended complaint ("FAC"). (ECF No. 147 ("Motion").) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin. (ECF No. 180 ("R&R" or "Recommendation").) The R&R recommends that Welch's Motion be denied. Welch timely filed an objection to the R&R. (ECF No. 183 ("Objection").)[1] Because the Court agrees with Judge Baldwin, and as further explained below, the Court overrules Welch's Objection, adopts the R&R in full, and denies Welch's Motion.

**II. BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 180 at 1-3.)

**III. LEGAL STANDARD**

 **A. Review of the Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

---

[1]Defendants filed a response. (ECF No. 187.)

timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Welch filed an Objection (ECF No. 183).

## IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full.

Judge Baldwin recommends that Welch's Motion be denied because the proposed FAC would cause undue delay of the litigation, prejudice Defendants, and many of Welch's additional claims are futile. (ECF No. 180 at 4.) That is because the proposed FAC violates several Federal Rules of Civil Procedure, including Rules 8, 10, and 20. (*Id.* at 4-5.) Welch's allegations against 19 new defendants do not arise out of the same transactions and allowing these claims against 19 new defendants would alter the nature of this case. (*Id.* at 5-6.)

In his Objection, Welch appears to make several arguments.[2] (ECF No. 183 at 3-5.) Welch's main arguments are the following. Citing *Dooley v. Wetzel*, 957 F.3d 366 (3d Cir. 2020), Welch appears to first argue that his additional claims arise out of the same occurrence in that the events all took place at Northern Nevada Correctional Center ("NNCC") from September 2019 until May 2020. (*Id.* at 3.) Welch also appears to argue that he should be afforded counsel due to exceptional circumstances, his lack of understanding, and the complexities of the issues in this case. (*Id.* at 4.) Given Welch's *pro se* status, the Court will summarily address these two arguments.

Welch may bring claims against multiple defendants in his proposed FAC, but in order to do so, Welch must meet the requirements of Federal Rule of Civil Procedure 20(a)(2). Under Rule 20(a)(2), at least one claim against all defendants must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and raise

---

[2]Because Welch's arguments are not clear, the Court is required to construe the arguments as stated herein.

"a question of law or fact common to all defendants." In Welch's proposed 90-page FAC, he asserts several new claims that include, but are not limited to: religious rights, medical care, Americans with Disabilities Act violations, racial discrimination, illegal mail fraud and tempering, supervisory liability, conspiracy, unconstitutional grievance procedures, and other instances of retaliation. (ECF No. 147-1.) But none of these claims meet the requirements of Rule 20(a)(2). Nor do these claims arise out of the same transaction merely because they occurred at NNCC. Nor is the *Dooley* case out of the Third Circuit binding on this Court. As such, this argument lacks merit.[3]

Moreover, Welch's argument that he should be afforded counsel does not relate to why he should be afforded leave to file his proposed FAC. The record reflects that Welch has previously made motions for appointment of counsel. (*See* ECF Nos. 97, 107.) It has already been determined that exceptional circumstances do not exists in this case to warrant the appointment of counsel. (*See* ECF No. 120.) Because Welch has not presented new evidence to suggest otherwise, the determination remains the same. To the extent that Welch's argument is a request for appointment of counsel, that request is denied.

In sum, the Court is unconvinced by Welch's arguments. The Court finds good cause to accept and adopt Judge Baldwin's R&R in full.

**V.     CONCLUSION**

It is therefore ordered that Plaintiff Kentrell Welch's Objection (ECF No. 183) is overruled.

It is further ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 180) is accepted and adopted in full.

It is further ordered that Welch's motion for leave to file a first amended complaint (ECF No. 147) is denied.

---

[3]In light of Welch's *pro se* status, the Court notes that the denial of Welch's Motion does not prevent him from filing the new claims asserted in his proposed FAC in a separate new action.

3

It is further ordered that Welch's Complaint (ECF No. 34) remains the operative complaint in this action.

DATED THIS 4th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE