UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>               Plaintiff,<br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>               Defendants. | Case No. 3:20-cv-00079-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Kentrell Welch, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Irvin, Hannah, Hughes, and Gerbaldi.[1] (ECF No. 34.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 222), recommending the Court grant Defendants' motion for summary judgment (ECF No. 212 ("Motion")[2]). Plaintiff filed an objection to the R&R (ECF No. 223 ("Objection")), to which Defendants responded (ECF No. 224). Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion, the Court will accept and adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion.

---

[1] In its screening order of Plaintiff's reinstated original complaint, the Court previously dismissed Defendants J. McCane-Dunbar, Barttlett, I. Baca, and Lisa Walsh without prejudice. (ECF Nos. 33 at 13 (screening order of original complaint, dismissing foregoing Defendants), 106 at 2 (screening order of first amended complaint ("FAC"), striking FAC and reinstating original complaint and original screening order).)

[2] The Court reviewed Plaintiff's response (ECF Nos. 214, 215, 216) and Defendants' reply (ECF Nos. 217, 218, 219). Plaintiffs' response comprises Plaintiff's response to the Motion (ECF No. 214), an "Objection to Failure to Exhaust" (ECF No. 215), and a "Declaration/Affidavit for Civil Action Suit" (ECF No. 216). ECF Nos. 217, 218, and 219—collectively, Defendants' reply—are identical documents filed to address each of Plaintiff's filings. Defendants filed ECF No. 217 as a reply in support of the Motion, ECF No. 218 as a response to Plaintiff's Objection to Failure to Exhaust, and ECF No. 219 as a response to Plaintiff's Declaration/Affidavit for Civil Action Suit.

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's description of the case's factual background and procedural history provided in the R&R, which the Court adopts. (ECF No. 222 at 2-4.)

## III. DISCUSSION

The Court first considers Plaintiff's objections to Judge Baldwin's recommendations as to his First Amendment retaliation claim. Then, the Court addresses Plaintiff's Fourteenth Amendment denial of access to grievance procedure claim.

### A. First Amendment Retaliation Claim

As to Plaintiff's retaliation claim, Judge Baldwin recommends that Defendants' Motion be granted because Plaintiff "offers no evidence—aside from his own conclusory allegations—that he engaged in any protected conduct" and therefore "cannot prove he was transferred because he engaged in any protected conduct." (*Id.* at 11.) *See also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (listing five elements required for an inmate to establish a viable retaliation claim under 42 U.S.C. § 1983); *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (requiring an incarcerated plaintiff to offer "either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence [of that motive]"). Because Plaintiff offers "no evidence in the record of [his] kite" against Defendant Irvin and instead offers "mere speculation" about Defendant Irvin's retaliatory transfer, Judge Baldwin found that Plaintiff fails to meet his evidentiary burden upon summary judgment. (*Id.* at 10-11.) *See also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."). Further, Judge Baldwin explained that the record shows that "the response to [Plaintiff]'s grievance alleging retaliation notes that Welch *himself* requested to be placed in protective custody." (*Id.* at 10.)

Plaintiff objects to Judge Baldwin's recommendation, appearing to respond to Defendants' affirmative defense that Plaintiff failed to exhaust NDOC's administrative remedies, arguing that NDOC's grievance process was "unavailable" to him. (ECF No.

223 at 13.) To support his position, Plaintiff cites a "new critical test" outlining when an administrative grievance process is "unavailable" to an inmate.[3] (*Id.* at 12.)

Plaintiff's argument is unpersuasive. First, and as Judge Baldwin and Defendants point out, Plaintiff's argument that the grievance process was unavailable to him directly contradicts allegations underlying his retaliation claim. Plaintiff initially alleged that Defendant Irvin transferred him to a segregation unit because he had successfully submitted a kite against Irvin on October 7, 2019—*i.e.*, utilized a grievance process available to Plaintiff for redress. (ECF Nos. 222 at 10, 224 at 3.) Even if Defendants made the grievance process "unavailable" after Plaintiff sent the kite, Plaintiff "does not offer evidence in the record of this kite." (ECF Nos. 212-7 at 74, 212-10 at 3.) And by merely relying on "his own conclusory allegations," Plaintiff fails to create an issue of fact as to whether Defendant Irvin transferred him in retaliation. (ECF No. 222 at 11.)

The Court therefore agrees with Judge Baldwin's determination that Plaintiff fails to establish a genuine issue of material fact as to whether Defendants took an adverse action against Plaintiff because of Plaintiff's protected conduct that, in effect, chilled Plaintiff's exercise of his First Amendment rights. *See Rhodes*, 408 F.3d at 567-68 (listing elements of a retaliation claim); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (explaining that a state actor's adverse action must be such that it "would chill or silence a person of ordinary firmness from future First Amendment activities") (quoting *Rhodes*,

---

[3] In his Objection, Plaintiff cites "Ross v. Blake supra. Id." to support his argument that NDOC's grievance process was "unavailable" to him. The Court construes this incomplete citation as *Ross v. Blake*, 578 U.S. 632 (2016). In *Ross*, the Supreme Court outlined three scenarios where a prison grievance system is effectively "unavailable" to an inmate: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the procedure is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. at 643-44. In his Objection, Plaintiff challenges NDOC's "institutional [ ] thwarting, threats, [and] illicit acts" that made the grievance process "unavailable" to him. (ECF No. 223 at 13.) Plaintiff appears to allege Defendants' conduct falls within the third "unavailability" scenario (*i.e.*, administrators "thwart[ing]" through "intimidation"). *See id.* at 644.

408 F.3d at 568). Accordingly, the Court adopts Judge Baldwin's recommendation that Defendants' Motion be granted as to Plaintiff's First Amendment retaliation claim.

### B. Fourteenth Amendment Due Process Claim—Denial of Access to Grievance Procedure

Judge Baldwin recommends the Court grant Defendants' Motion as to Plaintiff's Fourteenth Amendment Due Process claim. (ECF No. 222 at 12.) As Judge Baldwin explains, because Plaintiff admitted that Defendant Gerbaldi collected all of Plaintiff's "uncomplete" grievances concerning Defendant Hannah's "failure to complete," and does not explain how Hannah's failure to collect the grievances harmed Plaintiff, "there [is] no evidence of actual injury shown in the record relating to this claim." (*Id.* at 11-12.) *See also Lewis v. Casey*, 518 U.S. 343, 349, 353 (9th Cir. 1995) (recognizing that an inmate's Due Process right of meaningful access claim is subject to an actual-injury requirement, which requires an inmate to "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded"). Therefore, Judge Baldwin concluded, Plaintiff "failed to show that a 'non-frivolous' legal claim has been frustrated, [which] is fatal to a [ ] denial of access claim." (*Id.* at 12.) *See also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal to his [denial of access] claim.") (quoting *Casey*, 518 U.S. at 353 & n.4))

In his Objection, Plaintiff neither addresses nor objects to Judge Baldwin's recommendation as to his Due Process claim. (*See generally* ECF No. 223 (lacking any argument as to Plaintiff's Due Process claim).) Because there appears to be no objection as to this claim, the Court need not conduct *de novo* review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."). The Court finds that Judge Baldwin did not clearly err and therefore adopts her recommendation that Defendants' Motion be granted

as to Plaintiff's Fourteenth Amendment Due Process claim.[4]

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 223) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 222) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 212) is granted.

It is further ordered that the Clerk of Court enter judgment in Defendants' favor and close this case.

DATED THIS 19th Day of December 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]Judge Baldwin declined to address Defendants' personal participation and qualified immunity arguments because she found that Plaintiff's claims fail on the merits. (ECF No. 222 at 12 n.4.) The Court also need not address those arguments for the same reasons.